# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KIMBERLY HOWELL,<br><br>              Plaintiff,<br><br>v.<br><br>MANITOWOC COUNTY HUMAN SERVICES, CITY OF MANITOWOC, STEPHANIE WILLIS, DAVE MCCUE, BRIANNA ZIPPERER, PETER CONRAD, MANITOWOC COUNTY, and JUDGE MARK ROHERER,<br><br>              Defendants. | Case No. 21-CV-1069-JPS<br><br><br>**ORDER** |

This case comes before the Court on (1) Defendants Manitowoc County Human Services, Stephanie Willis, Brianna Zipperer, Peter Conrad, and Manitowoc County's (the "County Defendants") motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c), ECF No. 11; and (2) Plaintiff Kimberly Howell's ("Howell") motion to appoint counsel, ECF No. 14. The motion to dismiss is fully briefed. ECF Nos. 12, 15, 18. For the reasons stated herein, the Court grants the motion to dismiss and dismisses Howell's claims against the County Defendants without prejudice. Because the Court determines that it lacks jurisdiction over Howell's claims against the remaining Defendants, Dave McCue, the City of Manitowoc, and Judge Mark Roherer (the "Non-Moving Defendants"), for the same reason it lacks jurisdiction over Howell's claims against the County Defendants, the Court also dismisses Howell's claims against the Non-Moving Defendants

without prejudice. The Court denies as moot Howell's motion to appoint counsel.

### 1.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides for the dismissal of complaints which, among other things, "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 555–56).

In turn, Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

## 2.    RELEVANT ALLEGATIONS

Howell's claims are fragmented between at least four separate complaints,[1] as well as several supplements,[2] and are difficult to discern. The Court gleans that Howell brings suit under Section 1983 for alleged violations of her Fourth, Fifth, and Fourteenth Amendment constitutional rights. The alleged violations stem from the search and seizure of Howell's grandchildren while at school and at her home, interviews of her disabled grandchildren, removal of her grandchildren from Howell's custody, and deprivation of Howell's due process rights during state guardianship and Child in Need of Protection and/or Services ("CHIPS")[3] proceedings. ECF No. 1.

In or around December 2019, Howell's neighbor filed a complaint regarding Howell's alleged neglect and abuse of her grandchildren, which Howell contends was done in retaliation for Howell's report of her neighbor's husband to his parole officer. ECF No. 1; ECF No. 6 at 1; ECF No. 20-1 at 50. Howell alleges that Defendant Brianna Zipperer ("Zipperer"), a social worker, and Defendant Dave McCue ("McCue"), a City of Manitowoc police officer, unconstitutionally removed two of her disabled grandchildren from class and interviewed them, despite not having training in interacting with disabled children. ECF No. 1 at 15, 18.

---

[1]*See, e.g.*, ECF Nos. 1, 5, 7, 9.

[2]*See, e.g.*, ECF Nos. 6, 8, 10, 22, 24, 25.

[3]When children come to court because a parent has hurt them or not taken care of them, this is a CHIPS case. This stands or [sic] 'Child in Need of Protection and/or Services.'" What is CHIPS?, available at https://www.wicourts.gov/courts/resources/kid/activitybook/families1.htm (last visited June 7, 2022).

Howell states that, during the interview, a teacher had to intervene because a social worker, purportedly Zipperer, was "attempting to manipulate" Howell's disabled grandchildren. *Id.* at 16. Howell further contends that Manitowoc Public Schools falsely imprisoned her grandchildren by way of this interview. *Id.* at 7, 19. According to Howell, Zipperer and McCue further violated Howell's constitutional rights when they interviewed one of her granddaughters at Howell's residence at nighttime while Howell was not present. *Id.* at 18–19, 28. Howell's grandchildren were ultimately removed from her home. *Id.* Howell alleges that the removal was done without a warrant and without imminent danger present. *Id.*

Howell asserts that these actions were conducted unlawfully in exchange for federal funds and kickbacks, which "are even higher" for disabled children. ECF No. 5; ECF No. 7-1 at 7. Specifically, she states that Defendants Zipperer, Stephanie Willis ("Willis"), a social worker, and Manitowoc County are "harvesting children from loving homes for the soul [*sic*] purpose of collecting federal kickbacks." ECF No. 5 at 2. She continues, contending that, "since that is federal funding, I believe it is the jurisdiction of the federal court to hear this case." *Id.*

Howell alleges that she was criminally charged due to these events, which she states were fabricated by McCue, and that state guardianship and CHIPS proceedings commenced as to her grandchildren. ECF No. 1 at 19–20. Howell states that only one hearing (the initial "72 hour" hearing) was held in December 2019. *Id.* at 20–21. Howell avers that Willis, a social worker, told Howell regarding the proceedings that Howell could not work on a reunification plan and that her guardianship might be terminated. *Id.* Howell alleges that she did not know "what all the hearings were called" and that she was unable to present evidence or cross-examine witnesses

during the proceedings; thus, she contends that her due process rights were violated. *Id.* at 22. The Court also ascertains that Howell alleges that the proceedings were not timely conducted. *Id.* at 6.

In particular, Howell contends that Defendant Judge Mark Roherer ("Judge Roherer") approved funds to locate a witness that Howell subpoenaed but then quashed the subpoena and billed Howell for the costs. *Id.* at 21. Howell also alleges that Defendant Peter Conrad ("Conrad"), the County Corporation Counsel, told her that if she "took [a plea agreement] and didn't go to trial he would give [her] visits and withdraw the motion to terminate [her] guardianship." *Id.* at 22; ECF No. 7–1 at 3. Howell contends that Conrad lied; she has not seen her grandchildren at all since they were put into foster care on December 20, 2019. ECF No. 1 at 22. Howell also alleges that Conrad and Judge Roherer ordered her to have a mental health assessment in her criminal case, hoping to use an assessment of incompetency to terminate her guardianship. *Id.* at 24. Howell believes that this was in retaliation for her four requests that Judge Roherer recuse himself. *Id.* Howell states that she ultimately signed a plea agreement in her criminal case, which Judge Roherer used to terminate her guardianship and end the CHIPS case. *Id.* Howell seeks $3 million in punitive damages, legal fees, and return of her grandchildren. *Id.* at 4; ECF No. 7 at 4. The punitive damages Howell seeks are to remedy "every day [the grandchildren] were out of home, the stress, ruined reputation, bad press, and wrongfully jailed [*sic*]." ECF No. 7 at 4.

Howell alleges in one complaint that her criminal case, the guardianship proceedings, and the CHIPS proceedings "have all closed now." *Id.* at 21. In a supplement, however, Howell alleges that "in the two yrs [*sic*] this case *has been open* I have not had any contact with any of my

grandchildren." ECF No. 6 at 3 (emphasis added). Further, as County Defendants observe, Howell's initial complaint lists a state court case number ("19JC133") at the top of the filing. ECF No. 1 at 13–14. County Defendants additionally aver that there are at least two pending state appellate proceedings as to Howell's criminal case. ECF No. 12 at 2 n.2 (citing *State of Wisconsin v. Kimberly A. Howell*, Manitowoc County Circuit Court Case No. 2020CF000060; Wisconsin Court of Appeals, Case No. 2021AP001865; and Wisconsin Court of Appeals, Case No. 2021AP000907).[4]

Throughout her various filings, Howell maintains that the instant action is her mechanism to remedy deficiencies in her state proceedings. By way of example, she states, "They've . . . told lies to pad their case then deny my right to call witnesses to prove the lies. Which is a big reason for my filing in this court the federal violations and being able to be heard which til this point I've not been able to speak." ECF No. 6 at 6. Further, in response to County Defendants' motion to dismiss, Howell contends,

> Counsel wants me to play show and tell, had I been able to talk during any of the CHIPS case or guardianship case they may have a better idea of what I have. I prefer to try my case in the courtroom what I've been denied for 2 ½ yrs [*sic*] I will say this my evidence will consist of recordings of meetings. Documents filed with the court by the workers. Also I have quite a few witnesses. I'm hoping this will be my time to be heard.

---

[4]The Court takes judicial notice of the fact that, in the interim, at least one appellate proceeding has terminated by way of judgment and order affirming the circuit court. *State of Wisconsin v. Kimberly A. Howell*, Wisconsin Court of Appeals, Case No.2021AP001865; *see also Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records" because they are sources "whose accuracy cannot reasonably be questioned.") (quoting Fed. R. Evid. 201(b)).

ECF No. 15 at 2. Howell further maintains that "the reason [she] didn't bring [her] case to state court or appeal is because to appeal you have to have a record," which she contends is lacking in her state proceedings. ECF No. 15 at 2.

### 3. ANALYSIS

It is wholly unclear to the Court whether Howell's state proceedings are open or closed based both on Howell's inconsistent language, as well as the inclusion of a state court case number at the top of one of the pleadings filed in the instant action. To the extent the state proceedings are pending, the Court must refer Howell to its order issued in her prior case, which alleged nearly identical facts against nearly identical defendants. *Howell v. Zipperer*, No. 20-CV-1121-JPS, 2021 WL 3860693, at *4 (E.D. Wis. Aug. 30, 2021). There, the Court dismissed Howell's claims without prejudice on the grounds that the Court lacked jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) and *Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018), which together hold that federal courts may not intervene in ongoing state criminal cases or state child-welfare or child-custody proceedings. *Id.* There, the Court discerned that at least two state proceedings were pending, based on language used in the pleadings and the inclusion of state court case numbers in the pleadings. *Id.* Accordingly, to the extent the state cases are still ongoing, the instant action must be dismissed without prejudice for the same reasons stated in *Howell v. Zipperer*, No. 20-CV-1121-JPS, 2021 WL 3860693 (E.D. Wis. Aug. 30, 2021).

To the extent the state cases—the criminal case, the guardianship proceedings, and the CHIPS proceedings—are closed, the Court is constrained to find that it lacks jurisdiction and dismiss this action without prejudice under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263

U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine provides that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Thus, lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The doctrine likewise prohibits federal jurisdiction over claims which are "inextricably intertwined" with state court determinations. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) ("Plaintiffs who lose in state court may not recast their claims in federal court under the guise of federal constitutional claims . . . if the constitutional claims are inextricably intertwined with the merits of the state court judgment.") (quotations omitted). While there is "no bright line" to separate those federal claims that are "inextricably intertwined" with state claims from those that are not, the Seventh Circuit teaches that the key question is whether "the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Ritter*, 992 F.2d at 754; *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996).

While Howell's filings are peppered with allegations regarding the foster care system at large by way of her claims that Defendants Zipperer, Willis, and Manitowoc County were driven by the collection of federal kickbacks (presumably through the Adoption and Safe Families Act of 1997), her allegations state only that *these defendants* took kickbacks, not that the Act or any statute should be constitutionally challenged. Thus, her

Case 1:21-cv-01069-JPS   Filed 06/21/22   Page 8 of 11   Document 26

allegations call into question only these individual defendants' (allegedly criminal) behavior, rather than mounting a constitutional challenge to the Act or any federal or state statute. *Ritter*, 992 F.2d at 754. This argument could thus be raised through state appellate proceedings; it is beyond this Court's purview. Even if Howell did baldly allege that the Act or a statute should be constitutionally challenged, the underlying substance of her filings indicates that "the state court proceedings . . . are the subject of the case" and that "[h]ad [s]he prevailed [in state court] despite the alleged due process errors, [s]he would have had no injury and no claim to bring before the district court." *Ritter*, 992 F.2d at 754; *Young*, 90 F.3d at 1231.

For example, Howell alleges that the instant action is her opportunity to be heard regarding deficiencies in the state proceedings. She contends that she has chosen to file in federal court rather than appeal her state proceedings or seek relief in state court because her state proceedings lack a record. She avers that she will call the same witnesses that she tried to call in the state proceedings, as well as file with this Court documents filed in the state proceedings. Howell also seeks the remedy of return of her grandchildren (in direct conflict with the state guardianship and CHIPS proceedings' outcomes), along with punitive damages, *inter alia*, for her allegedly wrongful criminal charges and for each day her grandchildren were away from her. Particularly telling is that the defendants named in the instant action were all involved in the adjudication of the state proceedings. *See Bates v. Ohio*, 715 F. App'x 554 (7th Cir. 2018) (that the plaintiffs "named the State of Ohio, its Attorney General, . . . and its juvenile court as defendants" is indicative of lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine). Simply put, this is a case where "[t]he strong thrust of [Howell's] complaint is purely personal, not a general

constitutional attack." *Lowrie v. Goldenhersh*, 716 F.2d 401, 407 (7th Cir. 1983). Further, "granting [Howell's desired] relief would effectively void the state court ruling," in contrast to the teachings of *Rooker-Feldman*. *Levin v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Ill.*, 74 F.3d 763, 766 (7th Cir. 1996).

Accordingly, under *Rooker-Feldman*, this Court lacks subject matter jurisdiction and this action must be dismissed without prejudice. To the extent Howell seeks federal review of alleged deficiencies in the state proceedings, her case must proceed to the highest court of the state, here the Wisconsin Supreme Court, and then she may pursue relief from the U.S. Supreme Court. 28 U.S.C. § 1257; *see also Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998) ("Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the [U.S.] Supreme Court.").[5]

4.      **CONCLUSION**

Based on the foregoing, the Court dismisses this action without prejudice. In light of the *Younger* and *Rooker-Feldman* doctrines, any further

---

[5]The Court notes parenthetically that, even if it had subject matter jurisdiction, it would dismiss with prejudice the claims against Judge Roherer because judges are absolutely immune from liability for any acts carried out in a judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). The Court would also dismiss with prejudice the claims against Conrad, as prosecutors are absolutely immune for liability under Section 1983 for prosecutorial conduct. *Binachi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). The Court would also dismiss with prejudice the claims against Zipperer and Willis, as social workers are protected by absolute immunity in family court proceedings. *Millspaugh v. Cnty. Dep't of Pub. Welfare of Wabash Cnty.*, 937 F.2d 1172, 1176 (7th Cir. 1991).

amendment of the pleadings would be futile. *Wade v. Barr*, 775 F. App'x 247, 248 (7th Cir. 2019) ("Any amendment here [where district court abstained under *Younger*] would be futile."); *Sheikhani v. Wells Fargo Bank*, 577 F. App'x 610, 611 (7th Cir. 2014) (amendment is futile where "*Rooker-Feldman* puts [the] dispute outside the district court's jurisdiction"). At this juncture, the Court further summarily denies as moot Howell's motion to appoint counsel, ECF No. 14.

Accordingly,

**IT IS ORDERED** that the County Defendants' motion to dismiss, ECF No. 11, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Howell's motion to appoint counsel, ECF No. 14, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2022.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge